[No. 12159. In Bank. — December 23, 1887.]

## C. H. HAWN, RESPONDENT, *v.* THE SEVENTY-SIX LAND AND WATER COMPANY, APPELLANT.

PARTNERSHIP — RELEASE BY ONE PARTNER — PLEADING. — In an action by a partner to enforce a partnership demand, the defense of a release of the demand, given by another partner, although not pleaded in the answer, may be taken advantage of by the defendant, when the complaint contained averments in reference to the release, and the plaintiff himself proved the partnership and introduced the release in evidence.

ID. — LIQUIDATION AFTER DISSOLUTION — EITHER PARTNER MAY COMPROMISE OR RELEASE. — Where the liquidation of the affairs of a general partnership, after its dissolution, is not committed to any one partner by consent, either of the partners has authority to act in liquidation, and may compromise or release a debt due to the firm, whether the partnership debtor has notice of the dissolution or not.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

On the trial, the court, in its first instruction to the jury, used the following language: "The defendant relies upon a written release, which has been introduced in evidence by the plaintiff as a bar to this action. In ascertaining whether it is a bar or not, you will first ascertain from the evidence how and by whom it was signed. Although you may find that it was signed in the name of the firm or joint contractors by one of them, it will not follow, as a matter of course, that both are bound by its terms. And as to whether the parties not signing are still bound depends upon whether, at

the time of the act, the partnership was not then at an end; for, under our code of laws, a partner may bind his copartner by an act while the partnership was pending, which he could not do, and bind his copartner, after the partnership was at an end,—the party dealing with the partnership having notice of the dissolution of the partnership." The further facts are stated in the opinion.

*Wigginton, Creed & Hawes,* for Appellant.

*S. J. Hinds,* for Respondent.

HAYNE, C.— Action to recover for work and labor alleged to have been performed for defendant by plaintiff and one Chidester. Defense, that plaintiff and Chidester were partners, and that Chidester, for valuable consideration, gave to the defendant a release of all demands of the firm. Verdict and judgment for plaintiff. Defendant appeals. The release was not pleaded by defendant; but the complaint contains averments which, though somewhat vague, seem to point to the release; and the plaintiff himself proved the partnership, and introduced the release in evidence. Under these circumstances, he should not be allowed to object that it was not pleaded by the defendant. The plaintiff and Chidester were clearly partners. And assuming, in favor of plaintiff, that the evidence tends to show bad faith upon the part of Chidester and the defendant in the matter of the release, we think the case must be reversed for error in the instructions. The court instructed the jury (see first instruction requested by plaintiff) that, after dissolution, one partner could not compromise and release a claim due to the firm, if the other party had notice of the dissolution. This was a palpable error. The plaintiff and Chidester were general partners in the particular enterprise. (Civ. Code, secs. 2424, 2477 et seq.) There was no shadow of evi-

dence of the acts necessary to constitute a special partnership. And since the liquidation of the affairs was not committed to one partner by consent, either had authority to act in liquidation. (Civ. Code, secs. 2459, 2460.) "A partner authorized to act in liquidation may collect, *compromise, or release* any debts due to the partnership, pay or compromise any claims against it, and dispose of the partnership property." (Civ. Code, sec. 2461.) This power of liquidation existing, it made no difference, for the purpose of this question, whether defendant had notice of the dissolution or not. It does not aid plaintiff's case that, in its second instruction, the court read to the jury the section above quoted. That simply made the instructions hopelessly conflicting. For aught that we can see, the jury may have based their verdict upon the proposition that Chidester could not give a valid release after the dissolution of the partnership, if defendant had notice of the dissolution. There are other objections to the instructions, but it is not necessary to consider them. We therefore advise that the judgment be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.