## CASTLE v. MARKS.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

PARTNERSHIP—DISSOLUTION—ASSETS—CONTRACTS.
 After a partner had, by notice, terminated a partnership,—there being no time fixed for the continuance thereof,—he surrendered a contract between the firm and a third person, without his co-partner's consent, and then personally entered into a similar contract with such person. *Held,* that the latter contract was a firm asset.

Appeal from trial term, New York county.

Action by Charles B. Castle against William L. Marks to dissolve a co-partnership and for an accounting. From a part of the judgment determining that plaintiff had no interest in certain contracts, he appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Marshall, for appellant.
Emanuel J. Myers, for respondent.

McLAUGHLIN, J. This action was brought to dissolve a co-partnership, and for an accounting between the parties. Judgment to that effect was rendered, and the plaintiff has appealed from so much of it as determined that he had no interest in two contracts executed by the defendant personally,—one with the La France Fire-Engine Company, and the other with the American Fire-Engine Company. There is no dispute as to the facts, as the appeal brings up for review only the judgment roll, and exceptions taken by the plaintiff to the conclusions of law found by the trial court. From the findings of fact, it appears that in June, 1898, the plaintiff and the defendant, by an oral agreement, associated themselves together, under the firm name of M. Powers Company, for the purpose of dealing in fire supplies in the city of New York; that no time was fixed for the continuance of the firm; that on the 19th of October, 1898, the firm entered into two contracts,—one with the La France Fire-Engine Company, and the other with the American Fire-Engine Company,—by which it was given the sole and exclusive agency, for a term of three years, to sell certain supplies to the fire department of the city of New York, and that between the date of the contracts and the 5th day of March, 1899, it received, by way of commissions derived from sales made, between $11,000 and $12,-000; that on the date last named the defendant terminated the co-partnership, by a notice given on that day, and on the following day he notified the two engine companies that the co-partnership had been terminated, and requested that a representative of each company meet him at Albany on the 8th of March, to arrange for the

surrender of their contracts with the M. Powers Company; that in pursuance of this notice representatives of each company met the defendant at the time and place named, and the contracts with the M. Powers Company were then surrendered, and in place thereof each company entered into a contract with the defendant, personally, the terms and conditions of which were substantially the same as those embodied in the prior contracts; that the surrender of the contracts with the M. Powers Company was made without the knowledge or consent of the plaintiff, and the defendant, in making such surrender, did so for the purpose of procuring the contracts in which he alone was personally interested; that the defendant received in commissions under the contracts entered into by him personally prior to the trial the sum of $3,995.30. Notwithstanding the foregoing findings, the trial court held, as a conclusion of law, that the defendant had the right to enter into these contracts, and that the plaintiff had no interest therein. In thus holding, we think, it was in error. The defendant, it is true,—no time being fixed for the continuance of the co-partnership,—had right to terminate it whenever he saw fit. This, however, was subject to the qualification that he could only do so, so far as future transactions were concerned. As to contracts of the firm then existing, and remaining unperformed, he remained, until such contracts had been fully completed, under the same obligation to the firm and his co-partner that he did theretofore. A firm, notwithstanding it has been terminated either by the act of the partners or by limitation of time, nevertheless continues to exist, for the purpose of collecting and distributing its assets, and performing its antecedent engagements. Kennedy v. Porter, 109 N. Y. 552, 17 N. E. 426. The dissolution of a firm looks only to the future. The partners continue to be bound by, and must fulfill, all prior contracts remaining unfulfilled. Griswold v. Waddington, 16 Johns. 438. See, also, 17 Am. & Eng. Enc. Law (1st Ed.) p. 1150, and cases there cited. When the M. Powers Company was dissolved by the notice given by the defendant, it had, as above stated, the two contracts with the engine companies named, each of which had over two years to run. That these contracts constituted a valuable asset of the firm is evidenced by the fact that it received in commissions for goods sold under them between October 19, 1898, and March 5, 1899, between $11,000 and $12,000, and that the defendant received in commissions between the date of the surrender and the time of the trial $3,995.30. This asset belonged to the partners, according to their respective interests in the firm, and neither could be deprived, without his consent, of such interest by the act of the other. The relation between partners is a fiduciary one. Each must act towards the other honestly, and whatever he does must be done with the utmost good faith, having in view the interest of his co-partners as much as his own. This is elementary. Mitchell v. Reed, 61 N. Y. 123; Pom. Eq. Jur. (2d Ed.) § 1050. Thus, in Holridge v. Gillespie, 2 Johns. Ch. 30, Chancellor Kent said:

"It is a general principle pervading the cases that if a mortgagee, executor, trustee, tenant for life, etc., who has a limited interest, gets an advantage by being in possession or 'behind the back' of the party interested in the subject.

or by some contrivance or fraud, he shall not retain the same for his own benefit, but hold it in trust."

And in Phyfe v. Wardell, 5 Paige, Ch. 268, Chancellor Walworth, referring to the same rule, said:

"If a person who has a particular or special interest in a lease obtains a renewal thereof, from the circumstances of his being in possession as a tenant, or from having such particular interest, the renewal lease is, in equity, considered as a mere continuance of the original lease, subject to the additional charges of the renewal, for the purpose of protecting the equitable rights of all the parties who had any interest, either legal or equitable, in the old lease."

Also, in Clegg v. Edmondson, 8 De Gex, M. & G. 787, where the managing partners of a mining partnership at will gave notice of a dissolution of the firm to the other partners, and, after the dissolution, applied for a new lease in their own names, the court held that the new lease inured to the benefit of, and belonged to, the old firm. To the same effect is Struthers v. Pearce, 51 N. Y. 357. In that case, during the existence of a limited co-partnership, of undetermined duration, some of the partners, without knowledge of the others, obtained a new lease, in their own name, of premises leased and occupied by the firm. The court held that the lease belonged to, and was the property of, the firm, in which all of the partners had an interest. In Mitchell v. Reed, supra, the court held that one member of a co-partnership could not, during its existence, without the knowledge of his co-partners, take a renewal lease of premises occupied by the firm,—and this notwithstanding the fact that the renewal lease did not take effect until after the co-partnership had expired by its own limitation,—and that, if such lease were taken by one partner in his own name, it, in law, belonged to the firm, in which all of the partners had an interest.

Applying the principle alluded to in these authorities to the facts in this case, it must be held that the contracts entered into by the defendant personally belonged to, and constituted an asset of, the firm of M. Powers Company. It cannot be that one member of a firm which is the owner of valuable contracts, having over two years to run, can surrender them without the consent of his co-partner, and by so doing procure contracts in which he alone has a personal interest. The law will not sanction transactions of that character, nor will it permit partners thus to deal with each other. Both upon principle and authority, therefore, we think it must be held, upon the facts stated in the record before us, that the contracts entered into between the defendant and the two engine companies above named, on the 8th of March, 1899, belong to, and constitute an asset of, the firm of M. Powers Company; and therefore so much of the judgment as is appealed from must be reversed, with costs, and the judgment modified as indicated in this opinion. All concur.