(58 App. Div. 33.)

## HASBROUCK v. MARKS.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

APPEAL—PARTNERSHIP ACCOUNTING—CORRECTION OF ERRORS.

Where, in an accounting of a partnership in which plaintiff owned a one-fourth interest and defendant three-fourths, the referee calculated plaintiff's interest on the basis of an equal partnership, and an extra allowance to plaintiff on the same basis, the error in the calculation will be corrected on appeal, and the judgment modified accordingly.

Appeal from special term, New York county.

Action by Louis B. Hasbrouck, as receiver of Charles B. Castle, against William L. Marks, for an accounting. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Emanuel J. Myers, for appellant.
Louis Marshall, for respondent.

O'BRIEN, J. This action was before this court under the title of Castle v. Marks, 50 App. Div. 320, 63 N. Y. Supp. 1039, on an appeal from an interlocutory judgment, and we then held that, not

only was the plaintiff entitled to an accounting as to the partnership affairs of the M. Powers Company, but that two certain contracts which the defendant claimed individually were the property of the firm, and, together with the other assets, should be included in the accounting. Although we are invited to reconsider our decision rendered upon that appeal, we are not disposed to do so, for the reason that we think all the questions involved were there correctly passed upon, and that the conclusion then reached must be regarded as the law of the case. On this appeal, however, we are called upon to make certain modifications in the judgment as finally entered. The plaintiff's interest in the firm was one-fourth, while that of the defendant was three-fourths; but in apportioning the amount due on the accounting to the plaintiff, the referee, by not keeping these respective interests in mind, fell into errors in the calculation, which should be corrected. According to the referee, we have the following presentation:

| | |
|---|---:|
| Collected by the defendant, $21,160.81, of which plaintiff's share is one-fourth, or | $5,290 20 |
| Collected by defendant from Vorhees Co | 214 95 |
| Chargeable against defendant by schedule C | 182 13 |
| | $5,687 28 |
| Interest as per schedules A and B | 740 50 |
| Total due plaintiff | $6,427 78 |

The appellant points out that the interest as per schedules A and B was the interest on the total of $21,160.81, of which the plaintiff was entitled to only one-fourth, or $5,290.20, and, consequently, to only one-fourth of the interest. The criticism is just, and the interest credited should be $185.12, instead of $740.50. It further appears that the plaintiff was credited with the total amount collected by the defendant from Vorhees Company, or $214.95, whereas he was entitled to only one-fourth thereof, or $53.74. And the appellant calls attention to the testimony of the plaintiff that he had collected and received $40 from Vorhees Company (of which he was entitled to only one-fourth, or $10), and this was wrongly charged up in the Powers Company account. With these corrections, the statement would be as follows:

| | |
|---|---:|
| Collected by the defendant, $21,160.81, of which plaintiff's share is one-fourth, or | $5,290 20 |
| Collected by defendant from Vorhees Co., $214.95, of which plaintiff's share is one-fourth, or | 53 74 |
| Chargeable against the defendant by schedule C | 182 13 |
| | $5,526 07 |
| Interest as per schedules A and B, $740.50, of which plaintiff's share is one-fourth, or | 185 12 |
| Total | $5,711 19 |
| Deduct three-fourths of $40 collected by the plaintiff and mischarged | 30 00 |
| Total due plaintiff | $5,681 19 |

A reduction should also be made in the extra allowance granted, which was $1,000. Since the maximum amount allowed by the Code

is 5 per cent., the basis must, in this instance, have been upwards of $20,000. In other words, the allowance was evidently calculated upon the total assets of the firm, although the plaintiff was entitled to only one-fourth thereof, and upon this proportion alone his allowance should be based. The allowance granted, therefore, should be reduced; and, taking the sum to which the plaintiff is entitled as above found, $5,681.19, it should be 5 per cent. thereof, or $284.06.

The judgment and order accordingly should be modified by reducing the amount to which the plaintiff is entitled to $5,681.19, and the extra allowance to $284.06, and, as so modified, affirmed, without costs. All concur.