presented in a limited time is not a limitation of time in which the action itself must be commenced, and is, therefore, not a statute of limitation which must be taken advantage of by answer, and not by demurrer, as suggested by plaintiff's counsel. The subsequent portion of the section, which requires the action to be brought within one year after the claim has been disallowed, is a statute of limitation, but that portion of the statute is not now under consideration or involved in the question raised by the demurrer. It follows that the demurrer is well taken, for the reason that the plaintiff has failed to allege in the complaint that the claim was presented within 60 days after the injury or accident. Demurrer sustained, with costs, with leave on the part of the plaintiff to amend within 20 days, on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days, on payment of costs.

---

(36 Misc. Rep. 522.)

SCHNEIBLE v. TRAVELERS' INS. CO. OF HARTFORD et al.

(Supreme Court, Appellate Term. December, 1901.)

ATTORNEYS' FIRM—DISSOLUTION—SUBSTITUTION.
    Where attorneys dissolve partnership, and one of them, on a consent signed by the client and by that partner of his own motion, in the firm name, asks an order substituting himself as sole attorney, it will be granted on adding a provision that it should be without prejudice to any lien of the firm attaching at the date of the substitution.

Appeal from city court of New York, general term.

Action by Charles A. Schneible against the Travelers' Insurance Company of Hartford. From an order of the general term affirming an order of the special term, denying a motion by Marcus Schnitzer to vacate an order of substitution of attorneys, he appeals. Modified.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Marcus Schnitzer (Julius Miller, of counsel), for appellant.

Joseph Beihilf (Walter J. Rosenstein, of counsel), for respondent.

McADAM, P. J. The respective attorneys above named were partners as practicing attorneys under the firm name of Schnitzer & Beihilf. As such attorneys they commenced this action under an agreement with their client, the plaintiff, by which they were to receive 50 per cent. of the recovery as compensation for their services. After the action had appeared on the calendar, to wit, about May 1, 1901, the said partnership was dissolved, and on the 23d of the same month a consent was presented to the city court, signed by the plaintiff and by Beihilf in the name of his late firm, that Beihilf be substituted in the place of said firm as plaintiff's attorney. On this consent an order in conformity therewith was duly entered. Schnitzer thereupon moved to vacate said order as a fraud upon him, or for the insertion of a provision protecting the firm's lien for compensation. The special term denied the motion,

and the general term affirmed the order; hence the present appeal.

The attorneys having voluntarily dissolved their partnership, the client was entitled to select the partner he desired to continue his suit, so long as the lien of the firm was preserved. Wells, Attys. 416. The order of substitution, having been entered by the plaintiff's written consent, was a legally authorized direction, and the court below was under no obligation to set it aside. Beihilf had no authority to sign the firm name to the consent. It was evidently an effort by him as partner to transfer to himself, as against his late firm and the other member thereof, all partnership right of control over the action. He could not do this. He could not act for his own benefit and as agent for his copartner in antagonism to his principal at the same time. Story, Partn. § 331. "The utmost good faith is due from every member of a partnership towards every other member, and, if any dispute arise between partners touching any transaction by which one seeks to benefit himself at the expense of the firm, he will be required to show, not only that he has law on his side, but that his conduct will bear to be tried by the highest standard of honor." 1 Colly. Partn. (6th Ed., by Wood) 255, note. In Castle v. Marks, 50 App. Div. 323, 63 N. Y. Supp. 1041, the court said: "It cannot be that one member of a firm, which is the owner of valuable contracts, * * * can surrender them without the consent of his copartner." In Bank of New York Nat. Banking Ass'n v. American Dock & Trust Co., 143 N. Y. 564, 38 N. E. 714, the court said: "It is an acknowledged principle of the law of agency that a general power or authority given to the agent to do an act in behalf of the principal does not extend to a case where it appears that the agent himself is the person interested on the other side." It would have been better practice if the plaintiff had applied for the substitution on notice to Mr. Schnitzer, that he might have been heard in protection of his lien then and there. Disregarding this technicality by recognizing the paramount right of the client to designate Beihilf as the partner to proceed with his case, we regard the firm's signature to the consent of substitution as that of Mr. Beihilf alone, and decide that the lien of the firm on the right of action should be protected, as was done by Judge McComb in the United States court in the action entitled "Schneible v. Railroad Co.," wherein he held that the order of substitution there entered be amended by adding, "without prejudice to any lien of Schnitzer & Beihilf attaching at the date of this substitution upon the cause of action set forth in the complaint." N. Y. Law J. Aug. 24, 1901. The order of substitution granted May 23, 1901, will be amended accordingly. As modified, the order appealed from will be affirmed, without costs.

Order modified and affirmed, without costs. All concur.