(99 App. Div. 460)

### SLATER et al. v. SLATER.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. COSTS—EXTRA ALLOWANCE—BASIS FOR ESTIMATE.

In an action by the executor of a deceased partner to compel an accounting and sale of the partnership assets, where it appears that, aside from the firm name and good will, the partnership assets were of the value of $100,000; that the value of the good will and firm name was from $200,000 to $300,000; that the profits of the business during the period of litigation was about $95,000; and that, as a result of the litigation and the organization of a corporation to continue the business of the partnership, the total income to the estate of decedent will amount to about $13,000 per annum—there is a basis on which may be estimated an extra allowance under Code Civ. Proc. § 3253, providing for an extra allowance in a difficult and extraordinary case, where a defense has been interposed, of a sum not exceeding 5 per cent. on the value of the subject-matter involved.

2. SAME—PERSONS ENTITLED TO ALLOWANCE.

The fact that the surviving partner claimed the exclusive right to use the firm name, and was defeated in this claim in an action by the executor of the deceased partner for an accounting and disposition of the firm assets, does not deprive him of the right to an extra allowance out of the partnership funds on the successful termination of the litigation.

Van Brunt, P. J., and Ingraham, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Cecelia L. Slater and another, as executors of the estate of John Slater, deceased, against James Slater, individually

and as executor. From an order granting an extra allowance to some of the parties, Cecelia L. Slater, as widow, and another, appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John L. Lindsay, for appellants.
John A. Garver, for respondents Cecelia L. Slater and another.
James W. Hawes, for respondent James Slater.

HATCH, J. This action was brought by the executors of the will of John Slater, deceased, against James Slater, the surviving partner of the firm of J. & J. Slater, the testator, composing the other member of the firm, to compel an accounting and sale of the partnership assets. Aside from the firm name, the partnership assets were of the value of $100,000 and upwards. The principal issue involved in the litigation, however, did not involve so much the tangible property of the copartnership, but related to the question as to whether or not the firm name constituted an asset of the partnership, to be valued and sold for the benefit of all, or whether its exclusive use passed to the surviving partner, so as to prevent right in any other person to purchase or make use of it, and conduct the business thereunder as a going concern. After a trial at Special Term the court rendered a judgment holding that the right to continue the use of the firm name passed and belonged exclusively to the surviving partner. Pending the litigation the latter had been appointed a receiver to continue the business. In the interlocutory judgment entered upon the decision of the court, no compensation was allowed to the receiver for his services. From the interlocutory judgment, appeals were taken by both parties. The plaintiffs appealed from so much of the judgment as held that the right to use the firm name was not a firm asset, and the defendant appealed from so much of the judgment as refused him compensation as receiver. This court sustained the plaintiffs' contention that the receiver was entitled to no compensation, and upon the other question it held that the partnership name constituted a part of the good will of the firm, and was therefore an asset which might be sold or assigned; that the right to the use of such name did not pass to the survivor unless he purchased and continued the copartnership business; that, if sold to any one else than the survivor, the name could only be used as successor to the firm of J. & J. Slater, but, if the surviving partner desired to engage in the same business, either alone or with others, he had the right to purchase and continue the business under the firm name. Slater v. Slater, 78 App. Div. 449, 80 N. Y. Supp. 363. An application by both parties for leave to appeal to the Court of Appeals was granted, and the court certified the legal questions involved in the action. The Court of Appeals unanimously held that the firm name was a part of the good will of the firm, and was therefore a partnership asset, and that it could be sold, without any limitation or restriction upon its use, to a purchaser in the same way, and with like effect, as in the case of all the other assets of the firm;

the only limitation upon the right of use by a purchaser being that he would be required to make the real facts a matter of public record, in order that it should appear who the members of the firm were. Slater v. Slater, 175 N. Y. 143, 67 N. E. 1090, 61 L. R. A. 796, 96 Am. St. Rep. 605. The rights of the parties having thus been determined, a settlement of the litigation was had, which resulted in the formation of a corporation under the name of J. & J. Slater, with a capital of $100,000, divided equally between the parties in interest. Subsequently this motion was made for an extra allowance, pursuant to the provisions of section 3253 of the Code of Civil Procedure. The widow and a daughter of the deceased were allowed by consent to intervene for the purpose of opposing the motion, otherwise it was unopposed. The court granted an extra allowance of $1,000 each to the plaintiffs and to the defendant James Slater, and from the order entered thereon this appeal is taken.

The particular contention raised by the interveners, who are the appellants, is that it is not made to appear that the subject-matter of the litigation had any money value, and therefore that it could not be made the basis upon which to grant an extra allowance. In similar cases it has been held that in an action for a partnership accounting the amount for which judgment is obtained is to be considered the amount involved. Hagenbuchle v. Schultz, 69 Hun, 183, 23 N. Y. Supp. 611. But where no judgment is entered establishing the value of the subject-matter of the litigation, then by the terms of the Code the basis for the extra allowance proceeds upon the value of the asset or interest involved (Proctor v. Soulier, 8 App. Div. 69, 40 N. Y. Supp. 459), and may be shown by affidavit or the pleadings and papers contained in the record (Hayden v. Mathews, 4 App. Div. 338, 38 N. Y. Supp. 905, affirmed on appeal on opinion below 158 N. Y. 735, 53 N. E. 1126). The computation, however, is to be made in an action for an accounting of the partnership affairs upon the proportion of the assets to which the moving party has shown himself to be entitled, and not upon the total of the assets. Hasbrouck v. Marks, 58 App. Div. 33, 68 N. Y. Supp. 510, affirmed on appeal 170 N. Y. 594, 63 N. E. 1117. It appeared by the averments of the complaint that the value of the partnership name was worth at least the sum of $100,000, and in the affidavit submitted by the attorney for James Slater a computation is made of the value of the tangible assets of the copartnership, the amount of its net profits, and the capitalized value of the whole business based thereon; and from such evidence it is deduced that the value of the good will and the firm name was from two to three hundred thousand dollars. It also satisfactorily appears from the papers submitted that the profits of the business during the period covered by the litigation was about $95,000; that, as the result of the litigation and the organization of the corporation, the total income to the estate of the decedent will amount to about $13,000 per annum. The basis would therefore seem to be sufficient upon which to found an extra allowance. H. R. T. Co. v. W. T. & R. Co., 135 N. Y. 393, 32 N. E. 148, 17 L. R. A. 674, 31 Am. St. Rep. 838.

It has been suggested that inasmuch as James Slater contended that he, as survivor, took the exclusive right to the use of the firm name, and was defeated in such claim, and also defeated in the claim which he made for compensation as receiver, he is to be regarded as the unsuccessful party, and therefore not entitled to an extra allowance. Both this court and the Court of Appeals, however, took a different view, as upon each appeal costs were awarded to both parties, payable out of the partnership fund, so that each party to the litigation, so far as costs are concerned, has been recognized by the courts as standing upon an equal footing, and, this being their status, there is no ground for making distinction in awarding the extra allowance. The amounts allowed are clearly within what has been fairly established as the value of the good will of the business.

It follows that the order should be affirmed, with $10 costs and disbursements.

PATTERSON and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I do not think that there was any foundation for any allowance.

INGRAHAM, J. I concur with Mr. Justice HATCH, except so far as to affirm the order granting an allowance to the defendant James Slater. The whole litigation resulted from the claim of James Slater that he, as surviving partner, was entitled to the continued use of the firm name of J. & J. Slater, and to continue the business of that firm as survivor. He has been defeated in his claim, and the advantageous settlement has resulted from such defeat. Under such circumstances, the costs of the litigation made necessary by the unfounded claim of James Slater should not be paid for out of the copartnership property. The fact that he avoided the liability for costs is no reason why he should be granted an extra allowance for the services rendered by his counsel in asserting his claim.

I think, therefore, that the order should be modified by affirming the allowance to the plaintiffs, and denying the motion of James Slater for the allowance, with $10 costs and disbursements of this appeal to be paid to the appellants by James Slater.