THE CITY OF NEW YORK, Appellant, *v.* ILLINOIS SURETY COMPANY, Respondent.

First Department, December 7, 1917.

Principal and surety — appointment of receiver of foreign surety company — liability of surety may be judicially determined — receivership does not end corporate life — practice — mutual motions for judgment — power of Appellate Division to direct judgment.

A foreign surety corporation which has given an undertaking for the good behavior of a person convicted of disorderly conduct does not escape liability when the bond was subsequently forfeited merely because a foreign receiver of the corporation has been appointed.

The mere appointment of the receiver does not end the defendant's corporate existence, and the plaintiff is entitled to put its claim against the defendant in judgment so that its rights may be judicially determined.

Where both parties move for judgment at the conclusion of a trial it is conceded that there is no disputed question of fact and the Appellate Division may direct the proper judgment.

APPEAL by the plaintiff, The City of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of January, 1917, upon the verdict of a jury rendered by direction of the court.

*John F. O'Brien,* for the appellant.

*Walter E. Godfrey,* for the respondent.

SCOTT, J.:

On January 20, 1916, the defendant gave an undertaking for the good behavior for one year of a person convicted in the City Magistrate's Court of disorderly conduct. On May 4, 1916, the bond was forfeited by reason of the misconduct of the person convicted, and on or about September 26, 1916, this action was brought to recover the penalty of the bond.

The defense upon which a verdict in favor of defendant was directed was that on or about April 19, 1916, an order was made in the Superior Court of Cook county, Ill., whereby a receiver was appointed of the defendant, an Illinois corporation. It was claimed by the defendant, and held by the trial court, that by the appointment of the receiver all liability upon the bond terminated upon the day that such appointment was made.

It is sought to sustain the judgment appealed from by the authority of *People* v. *Metropolitan Surety Co.* (205 N. Y. 136). That case, however, is not applicable. There the corporation had been dissolved. Here there is no allegation or proof of dissolution, merely that what is sometimes called a chancery receiver had been appointed. So far as appears the corporation remains alive. Under these circumstances, the plaintiff is entitled to put its claim in judgment, so that its right may be judically determined. (*Pringle* v. *Woolworth,* 90 N. Y. 502.) The matter of the collection of the judgment is one with which we are not now concerned.

At the conclusion of the trial both sides moved for judgment, thus conceding that no disputed question of fact was involved. We may, therefore, proceed to direct the proper judgment.

The judgment appealed from is reversed and judgment ordered for the plaintiff as prayed for in the complaint, with costs in this court.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed and judgment directed for plaintiff as stated in opinion.