LEON G. JACOBS, Plaintiff, *v.* CENTRAL VERMONT RAILWAY COMPANY, Defendant.

FLORIDA GABOURY, as Ancillary Administrator, etc., of AIME GABOURY, Deceased, Plaintiff, *v.* CENTRAL VERMONT RAILWAY COMPANY, Defendant.

Supreme Court, Schenectady County, May 4, 1928.

Corporations — foreign corporations — actions under Federal Employers' Liability Act by residents of Vermont against foreign railroad corporation owning and operating part of its system in Clinton county, this State — service of process was made upon one of its directors in New York city, subsequent to appointment of receivers of its property by United States District Court for District of Vermont (Gen. Corp. Law, § 47, subd. 4; Civ. Prac. Act, § 229, subd. 3) — same persons were subsequently named ancillary receivers of property by District Court for Southern District of New York — defendant is resident of Northern District of United States District Court of New York and Supreme Court has jurisdiction — Federal Employers' Liability Act, § 6, permits action to be brought in district in which defendant is doing business — fact that receivers were appointed did not restrain exercising corporate powers.

In these actions, brought under the Federal Employers' Liability Act by residents of Vermont against a foreign corporation owning and operating a part of its system in Clinton county, this State, service of process was made upon one of its directors in New York city. It appears that prior to the service, receivers were appointed of all of defendant's property by the United States District Court for the District of Vermont, and the same persons were subsequently

---

*Affd., sub nom. Gaboury* v. *Central Vermont R. Co.,* 224 App. Div. ——.

appointed ancillary receivers of the property by the District Court for the Southern District of New York.

Since defendant concedes that it operates within the State, in Clinton county, it must be regarded as a resident of the Northern District of the United States District Court of New York, and since section 6 of the Federal Employers' Liability Act permits an action under that statute to be brought in the courts of the several States, in the Federal district in which the defendant is doing business at the time of the commencement of the action, jurisdiction of the subject-matter and of the person of the defendant have been obtained.

Moreover, the service of process in these cases, having been made in New York city upon a person admittedly a director of the defendant, residing in this State, disposes of the contention that the Supreme Court did not have jurisdiction of the person of the defendant. (Gen. Corp. Law, § 47, subd. 4; Civ. Prac. Act, § 229, subd. 3.)

The appointment of receivers did not dissolve the corporation nor restrain the exercise of its corporate powers, and in view of the fact that the property was still in this State, that it operated its railroad into the State, carrying freight and passengers over the State line, the defendant must be regarded as doing business in this State at the time of the commencement of the actions.

MOTION by defendant, a foreign corporation, to dismiss complaint and vacate service of summons.

*Leary & Fullerton [Thomas J. Barrett of counsel], for the plaintiffs.*

*Fryer & Lewis [Charles G. Fryer of counsel], for the defendant.*

HEFFERNAN, J. The defendant has appeared specially and has moved in each of these actions for judgment dismissing the complaint and to vacate the service of the summons on the ground that the court has jurisdiction neither of the subject of the action nor of the person of the defendant. Both actions were commenced on March 6, 1928, by the service of process on a director of the defendant in the city of New York. The plaintiffs are residents of Vermont and the causes of action arose near Williston, in that State, on the 24th of November, 1927. Defendant is a foreign corporation, and receivers were appointed of all its property on December 12, 1927, by the United States District Court for the District of Vermont, and on December 14, 1927, the same persons were appointed ancillary receivers of defendant's property by the United States District Court for the Southern District of New York. The receivers were appointed upon the application of the Canadian National Railway Company with defendant's consent. The former company owns more than two-thirds of the outstanding capital stock of defendant.

The actions in question are brought under the Federal Employers' Liability Act. Under section 6 of this act, as amended in 1910 (35 U. S. Stat. at Large, 66, chap. 149, as amd. by 36 id. 291,

chap. 143; U. S. Code, tit. 45, § 56), an action may be brought " in a district court of the United States, *in the district of the residence of the defendant,* or in which the cause of action arose, *or in which the defendant shall be doing business at the time of commencing such action.*" Then follows a provision that the jurisdiction of the courts of the United States shall be concurrent with that of the courts of the several States. Section 47 of the General Corporation Law (added by Laws of 1920, chap. 916) regulates when an action may be maintained against a foreign corporation by another foreign corporation, or by a non-resident. Subdivision 4 of that section provides that such an action may be maintained " Where a foreign corporation is doing business within this state."

It seems to me that it cannot be seriously doubted that the defendant is a resident of the Northern District of the United States District Court for this State. It owns and operates a part of its railroad system into Rouses Point in Clinton county. In fact, in the suit in which the receivers were appointed it is alleged " one branch of the main line of defendant extends a few miles into the State of New York." Defendant admitted that allegation. This fact alone under the provisions of the Federal Employers' Liability Act gives jurisdiction of the subject-matter and of the person of the defendant. (*Stoddard* v. *Manzella,* 207 App. Div. 519; *Levey* v. *Payne,* 200 id. 30; *Polley* v. *Lehigh Valley R. R. Co.,* 138 id. 636; affd., 200 N. Y. 585.) Service of process in these cases was made in the city of New York upon a person admittedly a director of the defendant residing in the State. This effectually disposes of the contention that the court has not jurisdiction of the person of the defendant. (Civ. Prac. Act, § 229, subd. 3; *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259; *International Text Book Co.* v. *Tone,* Id. 313.)

Defendant also contends that inasmuch as receivers have been appointed of its property they are vested with full jurisdiction and control over its affairs, and that consequently the defendant is no longer transacting business in this State. The appointment of receivers does not dissolve a corporation nor restrain the exercise of its corporate powers. The receivers' functions are limited to the care and preservation of the property committed to their charge. They do not represent the corporation in its individual or personal character, nor supersede it in the exercise of its corporate powers except as to the particular property committed to them. The title to the property was not changed by their appointment. They acquired no title but only the right of possession as officers of the court. The title remained in the corporation in which it was vested when the appointment was made. (*Sigua Iron Co.* v.

*Brown,* 171 N. Y. 488.) The appointment of receivers does not operate to prevent parties having claims against the corporation which they represent from proceeding in the courts precisely as they could have done when the corporation was managing the property. Sections 65 and 66 of the Judicial Code of March 3, 1911, which took effect January 1, 1912 (36 U. S. Stat. at Large, 1104) provide that every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which the receiver or manager was appointed. This act abrogated the rule that a receiver could not be sued without leave of the court appointing him and gave the citizen the unconditional right to bring his action in the local courts and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice than he would be entitled to if the property or business were not being administered by the Federal court. (*Jacobs* v. *Blair,* 157 App. Div. 601; *Gableman* v. *Peoria, etc., R. Co.,* 179 U. S. 335; *Eddy* v. *La Fayette,* 163 id. 456.) The appointment of a receiver does not end the defendant's corporate existence. The corporation is not dissolved. So far as appears it remains alive. Under these circumstances the plaintiffs are entitled to prosecute their claims so that their rights may be judicially determined. (*City of New York* v. *Illinois Surety Co.,* 180 App. Div. 513.)

I cannot escape the conclusion that the defendant was doing business in this State at the time of the commencement of these actions. Its property is still here; the railroad still runs into the State; the defendant's trains and cars are operated thereon by its employees; freight and passengers are transported over the line; and whether the business is carried on by the defendant in its own name through its agents, officers and employees, or in the name of its receivers, is of no moment. It seems to me that it would be an unreasonable construction of the law to hold that an act of a Federal court in appointing receivers for the railroad company should have the effect of placing the corporation beyond the pale of all statutes applying to the operation of railroads. Any other view would simply mean that the appointment of receivers for a railroad corporation would deprive injured employees of the benefits and the rights conferred on them by the laws of the United States and compel them to prosecute their claims in the forum where the receivers are domiciled. I am not willing to subscribe to that interpretation.

I am satisfied that the court has jurisdiction of the defendant, and the motion in each case is denied, with ten dollars costs. The orders to be entered hereon may contain a provision to the effect that if defendant should desire to review the same its time to appear generally and plead shall be extended until after the determination of the appeal.