FLORIDA GABOURY, as Ancillary Administrator of the Estate of AIME GABOURY, Deceased, Respondent, *v.* CENTRAL VERMONT RAILWAY COMPANY, Appellant.

(Argued January 8, 1929; decided February 13, 1929.)

*Paxton Blair* and *Charles G. Fryer* for appellant. After the appointment of receivers, the defendant was no longer doing business in the State of New York. (*St. Clair* v. *Cox*, 106 U. S. 350; *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79; *Continental Wall Paper Co.* v. *Voight & Sons Co.*, 106 Fed. Rep. 550; *Golden, Belknap & Swartz* v. *Connersville Wheel Co.*, 252 Fed. Rep. 903; *Ervin* v. *Oregon Steam Navigation Co.*, 22 Hun, 598; *Eureka Mercantile Co.* v. *California Ins. Co.*, 130 Cal. 153; *Dickey* v. *Dayton Globe Iron Works*, 19 Ohio N. P. [N. S.] 492; *Metz* v. *Buffalo, Corry & Pittsburg R. Co.*, 58 N. Y. 61; *Eckels* v. *Farley*, 131 Ill. App. 557; *Huguenot Nat. Bank* v. *Studwell*, 74 N. Y. 621.) The service of the summons was void because the director served lost his power to represent the corporation upon the receivership. (*City of Rochester* v. *Bronson*, 41 How. Pr. 78; *Kain* v. *Smith*, 80 N. Y. 458; *Grasselli Chemical Co.* v. *Ætna Explosives Co.*, 252 Fed.

Rep. 456; *Matter of Allen-Foster-Willett Co.*, 227 Mass. 551; *Matter of Hudson River Electric Power Co.*, 173 Fed. Rep. 934; *Barker* v. *Southern Building & Loan Assn.*, 181 Fed. Rep. 636.)

*Walter A. Fullerton* and *Edward W. Barrett* for respondent. The appointment of a receiver does not work a dissolution of the corporation and, except as to its authority over its property, the corporation retains its corporate functions and is clothed with its franchises. (*Decker* v. *Gardner*, 124 N. Y. 334; *Peirce* v. *Van Dusen*, 78 Fed. Rep. 693; *Fidelity Ins., etc., Co.* v. *Norfolk Co.*, 114 Fed. Rep. 389; 127 Fed. Rep. 662; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Woodworth* v. *Brooklyn Elevated R. R. Co.*, 29 App. Div. 1; *City of New York* v. *Illinois Surety Co.*, 180 App. Div. 513.) To hold that this defendant was not doing business in this State at the time of the commencement of the action would be highly technical and ·would be contrary to the spirit of the Federal Employers' Liability Act, section 6, and section 47 of the General Corporation Law of New York. (*Jacobs* v. *Blair*, 157 App. Div. 601.)

CARDOZO, Ch. J. Aime Gaboury, a resident of Vermont, lost his life in that State in November, 1927, while employed as a trainman by the defendant, Central Vermont Railway Company, a Vermont corporation. His father, Florida Gaboury, also a resident of Vermont, was appointed ancillary administrator of his estate by the Surrogate's Court of Clinton county, New York. In an action to recover damages for injuries to dependent next of kin, the summons was served on a director residing in this State. The question is whether jurisdiction was acquired.

At Rouses Point, N. Y., there is a terminal yard with equipment, the property of the Central Vermont Railway Company. There is a track, a fraction of a mile long,

connecting the terminal with the line of railroad in Vermont. At the city of New York there is a pier leased by the defendant for the use of its steamships sailing between New York and New London, and thence to Portland, Maine. There is also a freight office and an agency for the sale of tickets. The business is wholly interstate. Neither the vessels nor the trains carry passengers or property between places in New York.

The accident occurred near Williston, Vermont, on November 24, 1927. On December 12, 1927, a decree was made by the United States District Court for the District of Vermont whereby receivers were appointed to run the defendant's railroad and conduct its business generally, and whereby the defendant, its officers, agents and directors were restrained from interfering with the possession of the receivers or the discharge of their official duties. A copy of the decree was filed in the Northern District of New York in accordance with the statute (U. S. Code, title 28, § 117; Judicial Code, § 56). At the time of the service of the summons on March 6, 1928, the business formerly the defendant's was run by the receivers.

A foreign corporation, to be subject to the service of process in New York, must have so acted as to have subjected itself to the jurisdiction of the State. It does so act when at the time of service it is doing business within our borders under the protection of our laws. Even then, there are nice distinctions as to the extent of its submission when the cause of action is unrelated to the business here transacted (*Penn. Fire Ins. Co.* v. *Gold Issue Mining Co.*, 243 U. S. 93; *Bagdon* v. *Phila. & R. C. & I. Co.*, 217 N. Y. 432; distinguishing *Old Wayne M. L. Assn.* v. *McDonough*, 204 U. S. 8, and *Simon* v. *Southern Ry. Co.*, 236 U. S. 115; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Reynolds* v. *Miss., K. & T. Ry. Co.*, 228 Mass. 584; and cf. *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100; *Phila. & Reading Ry. Co.* v. *McKibbin*, 243

U. S. 264, 268; *Mitchell Furniture Co.* v. *Selden Breck Co.*, 257 U. S. 213, 215; *Davis* v. *Farmers Co-op. Eq. Co.*, 262 U. S. 312, 317; *Atchison, etc., Ry. Co.* v. *Wells*, 265 U. S. 101). It does not so act when at the time of service it is no longer exercising its corporate powers within the State, or has withdrawn to its domicile. There may be exceptions even to this if the cause of action is so related to business previously done as to make it unjust or unreasonable to counteract the earlier submission by non-user or withdrawal (*Mut. Reserve F. L. Assn.* v. *Phelps*, 190 U. S. 147; *Woodward* v. *Mutual Reserve L. Ins. Co.*, 178 N. Y. 485; *Mutual Reserve L. Ins. Co.* v. *Birch*, 200 U. S. 612, affg. 181 N. Y. 583; *Hunter* v. *Mutual Reserve L. Ins. Co.*, 218 U. S. 573, affg. 184 N. Y. 136; *Chipman, Ltd.*, v. *Jeffery Co.*, 251 U. S. 373). Broadly speaking, we may say, however, that, apart from exceptional conditions, submission to the jurisdiction is dependent upon presence within the State, and presence within the State imports the use of corporate power by corporate representatives. The service of this summons must answer to that test.

At the time of the service, the defendant, though not dissolved, was not acting as a corporation within the limits of this State. The director who received the summons did not represent it in this State in any of its corporate functions, nor was he here in that behalf (*Rosenberg Bros. & Co.* v. *Curtis Brown Co.*, 260 U. S. 516; *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *Goldey* v. *Morning News*, 156 U. S. 518; *Bagdon* v. *Phila. & R. C. & I. Co.*, *supra*, at p. 438). On the contrary, an order had been made whereby he was forbidden to interfere with the receivers who had supplanted him and his associates in the transaction of its business. " The possession and control of the receivers constituted * * * an ouster of corporate management and control, with the accompanying advantages and privileges " (*U. S.* v. *Whitridge*, 231 U. S. 144, 149). The director was no

longer an embodiment or symbol of the corporate personality, any more than he would have been if shorn of his title as well as of his power (*Missouri Pac. R. R. Co. v. Ault*, 256 U. S. 554, 559).

After December 12, 1927, the receivers, not the corporation, were liable for any wrong thereafter done in the transaction of the business confided to their care (*Metz v. Buffalo, etc., R. R. Co.*, 58 N. Y. 61; *Kain v. Smith*, 80 N. Y. 458, 469). This in itself must show that they were transacting it as principals, and not in any true sense as agents for the company (*Memphis, etc., R. Co. v. Hoechner*, 67 Fed. Rep. 456). From that time on there may or may not have been a user of the corporate franchise at the domicile in Vermont, where meetings of the directors may still have been permissible. There was none in New York. Here the situation was the same as if the company had withdrawn from the State or transferred the business to another. We are not required to consider whether even then a director might have authority to represent the corporation in an action by a resident growing out of business already done under the protection of our laws. At least his authority had ended in respect of a cause of action in favor of a non-resident having its origin in business transacted far away.

The conclusion thus reached makes it needless to decide whether within the doctrine of *Davis v. Farmers Co-operative Equity Co.* (262 U. S. 312), an unreasonable burden upon interstate commerce would result if service of process were sustained in these conditions.

The order of the Appellate Division and that of the Special Term should be reversed and the motion granted, with costs in all courts, and the question certified answered "No."

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.