[L. A. No. 17943. In Bank.—Sept. 3, 1941.]

CHARLES D. COTTEN, a Minor, etc., et al., Appellants, v. PERISHABLE AIR CONDITIONERS (a Copartnership) et al., Respondents.

August J. O'Connor and George J. Hider for Appellants.

R. R. Sleeper and Monta W. Shirley for Respondents.

PULLEN, J., *pro tem.*—The defendant, Perishable Air Conditioners, was a copartnership composed of Cross and Carroll. Plaintiff, Charles D. Cotten, a minor, was an employee of said partnership, and on November 13, 1937, was severely injured while acting in the course of his employment.

Thereafter, an action was filed by Carroll against his partner Cross for a dissolution of the partnership, for an accounting, and for the appointment of a receiver. A receiver was appointed December 15, 1937, and on January 17, 1938, an order was made dissolving the partnership. On March 18, 1938, Charles D. Cotten applied to the superior court in the receivership proceedings for permission to sue the receiver. The receiver appeared and opposed the application on the ground that the liability arose prior to the receivership. The court thereupon denied permission to sue.

On the following day, an action was filed by Charles D. Cotten against Perishable Air Conditioners, a copartnership, and Cross and Carroll, individually, to recover for the injuries sustained, and summons and complaint were served upon Cross individually and on behalf of the partnership, the other partner being out of the jurisdiction. Default was entered against the partnership and Cross, followed by a judgment on April 14, 1938.

The receiver then moved to vacate the default judgment against the partnership. This motion was denied "without prejudice." Thereafter, and after first obtaining an order of court for permission so to do, the receiver again moved the court to vacate the judgment against the partnership, on the principal ground that service on the partnership by service on a partner after the partnership had been dissolved did not give jurisdiction over the partnership. This motion was granted. Plaintiffs have appealed from the order granting it, and vacating the default and default judgment.

■ The question for decision is whether the service of process upon one of the former partners, after dissolution of the partnership and appointment of a receiver, was sufficient to vest the court with jurisdiction to render a valid and binding judgment against the partnership. Defendants take the position that as the partnership was dissolved by order of court prior to service of summons and complaint upon one of the partners, the court acquired no jurisdiction over the partnership because it no longer existed.

This position is untenable. Section 2423 of the Civil Code defines dissolution as "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business"; and section 2424 of said code particularly declares that "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

■ In general a dissolution operates only with respect to future transactions; as to everything past the partnership continues until all pre-existing matters are terminated. (*Griswold* v. *Waddington,* 16 Johns. [N. Y.] 438, 493; *Castle* v. *Marks,* 50 App. Div. 320 [63 N. Y. Supp. 1039]; *Stem* v. *Warren,* 96 Misc. 362 [161 N. Y. Supp. 247, 249]; *National Surety Co.* v. *George E. Breece Lumber Co.,* 60 Fed. (2d) 847, 849.) The dissolution does not destroy the authority of a partner to act for his former associates in matters in which they still have a common interest and are under a common liability. (*Gates* v. *Beecher,* 60 N. Y. 518 [19 Am. Rep. 207]; *Hawn* v. *Seventy-Six Land & Water Co.,* 74 Cal. 418 [16 Pac. 196].) ■ There is no reason, therefore, why the statute authorizing a judgment against a partnership by service upon one partner (Code of Civil Procedure, section 388) should not be just as effective and applicable during the period subsequent to dissolution but prior to termination of the partnership as it is during the period before dissolution. (*Sanger Bros.* v. *Overmier & O'Neil,* 64 Tex. 57; *Hartford etc. Co.* v. *Street,* 46 Iowa 594; *Thomas* v. *Nathan,* 65 Fla. 386 [62 So. 206].) It follows that in this cause the service of summons and complaint upon the partner Cross individually and on behalf of the partnership vested the court with jurisdiction to render a valid and binding default judgment against the partnership, and the trial court erred in granting the receiver's motion to vacate such judgment.

This appeal involves only the jurisdictional point above decided. No question is presented concerning the right to levy upon the partnership assets which are in the possession of the receiver but to which he holds no title (*Stokes* v. *Hoffman House of N. Y.*, 167 N. Y. 554 [60 N. E. 667, 53 L. R. A. 870]; Clark on Receivers, Second Ed., Vol. 2, p. 341, sec. 920). ■ The fact that a receiver was appointed did not prohibit plaintiffs from prosecuting an action against the partners and the partnership, and obtaining a judgment establishing the validity and amount of their claim. Their action in no way interfered with the jurisdiction of the court in which the receivership was pending, or with the receiver's possession of partnership assets. As stated in *Chicago Title & Trust Co.* v. *Fox Theatres Corporation*, 69 Fed. (2d) 60, "New York cases have recognized that the appointment of a receiver does not preclude a plaintiff from thereafter starting suit against the receivership defendant, if subject to service, although collection of the judgment is another matter. See *Pringle* v. *Woolworth*, 90 N. Y. 502; *Gaboury* v. *Central Vt. Ry. Co.*, 225 App. Div. 145, 231 N. Y. S. 630, reversed on other grounds, 250 N. Y. 233, 165 N. E. 275; *Jacobs* v. *Central Vt. Ry. Co.*, 132 Misc. 144, 228 N. Y. S. 705, 708; *City of N. Y.* v. *Ill. Surety Co.*, 180 App. Div. 513, 167 N. Y. S. 752." (See, also, *Riehle* v. *Margolies*, 279 U. S. 218 [49 Sup. Ct. 310, 73 L. Ed. 669]; 53 C. J., p. 124; 23 R. C. L., p. 48.)

■ Plaintiffs first sought to bring their action against the receiver but he successfully resisted their attempts to sue him independently or as a co-defendant herein. Can it be said that this procedure, coupled with the permanent absence of one of the partners from the jurisdiction, left plaintiffs without redress, notwithstanding the partnership and its assets were still within the jurisdiction of the court? We think not. Plaintiffs were entitled to pursue their cause, and the refusal of the receiver to appear and defend on behalf of the partnership forced them to proceed independently against it and the individual partners. Having resisted joinder as a party to this suit, the receiver was estopped to thereafter attempt to intervene by motion and attack a judgment valid on its face.

The order is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.