**Oscar L. DELFIN, Appellant,**

v.

**HARRY LISS & ASSOCIATES, INC.,**
etc., Appellee.

No. 19968.

United States Court of Appeals
Ninth Circuit.

Aug. 25, 1966.

John A. Bohn, John J. Carniato, of Arriola, Bohn & Gayle, San Francisco, Cal., for appellant.

W. Scott Barrett, Walter S. Ferenz, of Barrett, Ferenz & Trapp, Oakland, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Delfin, the sole appellant, and Robert N. Roberson, a defendant below, entered into a written general partnership agreement under the fictitious name of Pacific Trading & Supply, dated August 30, 1962. Some time in April or May of 1963 the partners orally discussed termination of the partnership, but the record is not clear as to the date of this discussion or as to what was actually agreed. A written partnership dissolution agreement was prepared in July and submitted to Delfin. Not satisfied with it, he went to another attorney and another dissolution agreement was prepared and signed. That document, dated August 30, 1963, stated that "it has been agreed between the partners that the partnership shall stand dissolved as of the 1st day of July, 1963," and that Roberson was to carry on the business, taking over all of the debts and liabilities as of July 1, 1963.

Before the question of dissolution arose, the partnership, acting through Roberson, had entered into preliminary negotiations for the supply of furniture, equipment, and installation services to the Naval Petty Officers' Club at Agana, Guam. In May, 1963 the partnership received an order totalling $8,248.52, of which sum a down payment of $2,716.54 was made. The partnership then entered into preliminary negotiations with appellee, looking toward obtaining the equipment from appellee. Subsequently, Pacific Trading & Supply entered into a contract with appellee for the supply of the Navy contract equipment at a price of $5,635.80.

Appellee had previously done business with the partnership solely on a sight draft basis. In this transaction, however, a sight draft was impractical because the goods were to be shipped on Navy bottoms, and the Navy required that possession of the goods after arrival be unconditional. Appellee shipped the equipment to Guam in October, 1963, on

open account, and it was put to use in the Navy Club. Concerned about receiving its money, however, appellee had communicated directly with a Navy representative at various times beginning in August. Eventually the Navy representative offered to pay its remaining obligation on the contract, approximately $5,400, directly to appellee. Later, not all of the equipment ordered having been delivered, the Navy reduced its offer to compensate for that shortage to about $3,500. Pacific, however, never agreed to this arrangement. Appellee refused this payment as insufficient, and the Navy representative ultimately declined to be a collection agent for appellee.

Appellee brought suit against Delfin and Roberson as partners. Delfin denied that he was a partner, alleging dissolution of the partnership on July 1, 1963 and that appellee's sole claim was against Roberson. He also cross-claimed against Roberson. Judgment was for appellee against Delfin and Roberson and for Delfin against Roberson. Delfin appeals. He claims that the lower court erred in three fundamental respects.

 First, he says that he should not have been held liable because he was not a partner in Pacific Trading & Supply when the debt to appellee was incurred. But under the pertinent provision of the Civil Code of Guam, set out in the margin,[1] it was not necessary that he be; all that is required is that the transaction by which the debt was created be "appropriate for winding up partnership affairs or completing transactions unfinished at dissolution." Whether a transaction is of that character is a question of fact, and we think the trial court's action in resolving it against appellant not clearly erroneous, Rule 52(a),

F.R.Civ.P. Appellant's arguments from the evidence, urging the conclusions that the partnership had been dissolved before the effective date of appellee's contract and that the contracts with the Navy and with appellee were "entirely separate", are therefore unavailing. See, supporting the principles applied by the lower court here, Freese v. Smith, 1952, 114 Cal.App.2d 283, 250 P.2d 261; Schwaegler Co. v. Marchesotti, 1948, 88 Cal.App. 2d 738, 199 P.2d 331; Bissell v. King, 1928, 91 Cal.App. 420, 267 P. 356; cf. Cotten v. Perishable Air Conditioners, 1941, 18 Cal.2d 575, 116 P.2d 603, 136 A.L.R. 1068.

██ Second, appellant contends that the trial court erred in excluding some (but not all) evidence of appellant's lack of profits from the business, appellant's "position as a dormant partner," and of the original partnership agreement. But evidence in lack of profits is immaterial to any issue in this case, and it is equally immaterial that appellant was a "dormant" partner, Bissell v. King, supra. He was not a limited partner. Nor was it error for the trial court to admit the partnership agreement only in the cross-action by appellant against Roberson. That agreement does not purport to limit appellant's liability to that of a limited partner. Had it been admitted, it would only have supported the result that the court reached.

██ Finally, it is contended that the lower court erred in not finding that appellee failed to mitigate its damages by taking a partial payment from the Navy. The trial court impliedly found this defense inapplicable, and we agree. The Navy was obligated to pay Pacific, and the evidence shows only that it was willing to make payment to appellee, not that

---

1. Guam Civil Code § 2429.
"Power of partner to bind partnership to third person after dissolution. (1) After dissolution a partner can bind the partnership except as provided in paragraph three:
(a) By any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution."

This section is identical to Calif.Corp. Code § 15035; related sections of the codes of both jurisdictions are substantially identical as well, both having adopted the fundamentals of the Uniform Partnership Act. Consequently both parties properly refer to California decisions for controlling interpretations of the law.

it in fact ever tendered payment to appellee. So far as appears, Pacific never authorized the Navy to make any payment to appellee. Thus, appellee was in no position to compel the Navy to pay, and the Navy was never willing to pay without Pacific's concurrence. Appellant is being held liable as a partner in Pacific. As between him and appellee, appellant is bound by Pacific's failure to concur.

Affirmed.