The opinion of the court was delivered by
Gibson, J.
The argument is, that the payment over to Warner of the proceeds of the sale, and the subsequent delivery to him of the yarns that were on hand, created an equity which rebuts that on which the action is founded, and leaves the matter as it would stand at the common law. The plaintiff undoubtedly had a lien, and might have retained for it, but he undoubtedly might also part with possession of the property, without parting with his claim to compensation, either at law or in equity. Had he indeed done so with notice of Warner’s insolvency, and after being required by the defendant’s testator, to use his lien as a means of procuring satisfaction, his refusal would have furnished a countervailing equity sufficiently powerful to induce chancery to withhold its assistance. But so far is this from the truth, that it is *414 expressly made a part of the case, that Warner was authorized to wind up the business and close the concern. After the dissolution of the partnership, he continued to represent the firm as before — perhaps emphatically so, as he became its exclusive representative, and under an express authority. In his capacity of liquidating partner, therefore, his acts were for all purposes of law -or equity, the acts of the outgoing partner; and to be taken as strongly against the latter, as if they had been accompanied with a special recognition of the authority under which they were performed, in the particular instance. It does not appear even that Warner was insolvent at this time, or that the plaintiff knew it; but were it otherwise, I should view it as a matter of indifference. A debtor who is not particularly requested to be on his guard, has nothing to do with the balance of the account between the partners themselves; nor is he bound to see to the application of the money. He pays on the foot of an express authority, which may have been confided to. the liquidating partner with a perfect knowledge of his insolvency, and which therefore is sufficient for the purposes of the debtor, whilst it remains unrevoked : nor is he bound to be mindful of the interest of a party who is not mindful of it himself.
Another argument is, that the receipt by the plaintiff of the price of the goods sold, was to the extent of what was then due to him from Warner and Johnson, received to his own use, and In extinguishment of his demand; and consequently that payment over of the whole sum to Warner was pro tanto substantially a loan to him, in his individual capacity, for which the firm cannot be made liable. Were the premises true, the conclusion would Inevitably follow; for the authority of Warner undoubtedly did not extend to the contracting of a new responsibility, which was unnecessary to enable him to execute the trust beneficially for the firm. But this is plainly not a case in which the law makes the application in a particular way. It is the ordinary case of a creditor obtaining possession of the funds of his debtor, and to hold that in such case the law, even against the assent of the party, sets one demand against the other, would make short work with the distinction between set-off 'and direct payment. The plaintiff might have applied this money to his own demand, and had he done any act to evince such a determination, he would have been bound by It; but nothing of the kind appears.
The last ground of defence is, that a part of the plaintiff’s demand accrued after the dissolution of the partnership; and that for such part, the partners are separately liable in the proportions in which they were interested in the firm. A part of the services were certainly rendered after this period, but the origin of the plaintiff’s demand for those services, was nevertheless before it. The bailment was under a continuing contract with the partnership for services to be rendered indefinately, in point of time, and *415 no matter when the services were actually rendered; the demand arising from the performance of the agreement has relation, not to the period of performance, but of the origin of the contract. The dissolution of a partnership does not dissolve its contracts. Here the agreement was that the goods should be bailed to the plaintiff, to be stored at a certain rate per month, with authority to sell them; and as it was indefinite in point of duration, it necessarily was to continue till it should be rescinded by at least one of the parties: consequently, services rendered under it, at any time, would give an action on the contract. We are of opinion that judgment be entered for the plaintiff.
Judgment for the plaintiff.