## Stewart et al., Executors, *v.* Angle et al., Appellants.

Argued March 19, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* for appellants.

*John E. Winner,* with him *Chad L. John,* for appellees.

OPINION BY MR. JUSTICE KEPHART, April 23, 1934:

Angle, Feldstein and Stewart formed a partnership under the firm name of Stewart Gas & Oil Company. Their agreement was in writing and the undertaking was for the purpose of developing wells for oil and gas projects. The interests of the partners were fixed; all losses suffered and all profits realized it was agreed should be apportioned on the basis of those interests. There was joint ownership of a business, joint sharing of profits and joint liability, and a business actually to be conducted. The conduct and acts of the parties thereafter indicated plainly they were partners, not only by our decision in Schuster v. Largman, 308 Pa. 520, but under

the Uniform Partnership Act of March 26, 1915, P. L. 18. It was so recognized by the parties in filing the partnership certificate required by that law. They also set up a scheme for financing firm needs. This was to be accomplished by an agreement made between the firm, the Stewart Gas & Oil Co., designated "owner," and "such persons as may join with them......termed 'well beneficiaries.'" The beneficiaries were to make contributions toward the general project, that is, the acquisition and drilling of wells, but they were to have no interest in the physical properties. The wells were to be exclusively operated and managed by the owners; in this the "well beneficiaries" had no voice. From the income derived in marketing the products, rents, royalties and operating charges were to be deducted and one-eighth of the balance was to be retained by the firm, the remainder divided among the "well beneficiaries" in proportion to their contributions. The latter were not to be liable for any debt, charge or payment beyond the amount of their contribution.

So far as each contributor was concerned the agreement limited his interest solely to a share in the profits, if any were received. As the contributors had no interest whatever in the physical or intangible property of the concern, when a well or all wells became exhausted, the profit sharing plan became extinct and with it their interest in whatever remained of the initial contributions.

The wells were successfully operated. One or two became exhausted, but when these proceedings were instituted the business was a going concern. One of the partners died and the executors of his estate brought a bill for dissolution, the appointment of a receiver, and the distribution of the firm assets. The two remaining partners were named as defendants. The "well beneficiaries" were not named, and the action of the executors was resisted because these beneficiaries were not made parties

to the action. The court below ruled their joinder was not necessary.

While the partnership planning included further financing, the scheme set up and the acts thereunder did not make these contributors partners. The agreement plainly stipulated that the consideration for the use of their money was a proportionate share of the profits expected to be realized. It was definitely stated that the Stewart Gas & Oil Co. was the real owner of the property; title to the leases was in and was to be in the firm and the only reason the contributors were brought in was to enable the owners to procure sufficient moneys to drill the wells and market the product. The agreement stated: "No well beneficiary shall be entitled to institute or maintain any suit or action for dissolution of this enterprise, its partition, or for sale, and shall be strictly limited to collecting whatever amount, if any, he may be entitled to under subdivision [d]." No liability attached to them for debts or any other matter in connection with the underlying purpose, and thus one of the attributes of a partnership [unlimited liability for debts] was missing: Uniform Partnership Act, supra, part 3, section 15.

Nor can there be any liability by any trustee beneficiary relation between the partnership and the contributors, as argued by appellants. The sole obligation and duty of the firm was to pay over profits when realized. Having no title, legal or equitable, to any of the physical assets, the beneficiaries have no trust res on which to raise a trust. They could do only what the agreement contemplated, namely, collect through an appropriate action any profits realized; to that extent they were creditors of the firm. Of course, they were not necessary parties any more than any other creditor would be, and the court below was correct in so concluding.

While the "well beneficiaries" are creditors they have a continuing contract requiring continued performance. The possibility that the partnership might become dis-

solved by death or otherwise while this contract was in life was a circumstance which all the parties took into account when they became parties. The dissolution of the partnership does not abrogate or dissolve its contracts; they continue until performed or otherwise become inoperative. The "well beneficiaries" knew also that the management of the business might be succeeded by other management. No question has been raised as to the right of the remaining partners to liquidate the partnership.

Decree of the court below is affirmed at appellants' cost.