Opinion by
 

 Baldrige, J.,
 

 An action was brought by ¿he plaintiff company against E. W. Stone and Eugene E. Mitchell, trading as Stone and Mitchell, engaged in the contracting and carpentering business, to recover $1,054.12 on a book account for lumber and building material sold and delivered to the defendant. The account was opened October 12, 1927, when Stone and Mitchell made their first purchase. The last was made on June 22, 1929, when the total debits in the account were $1,883.18, with credits of $829.06, leaving a balance due of $1,054.12. On April 1, 1929, when an alleged dissolution of the partnership occurred, there remained due the plaintiff the sum of $504.10.
 

 The summons issued June 8, 1934, was not served on Stone, a nonresident, but service was had on Mitchell. He filed an affidavit of defense, averring that the defendant partnership was dissolved about the 1st of April, 1929, and that it was then mutually agreed between the plaintiff, Stone, and himself that Stone would assume and pay the indebtedness due plaintiff. The trial resulted in a verdict in favor of the plaintiff “against the partnership of Stone and Mitchell” for $715.68 ($504.10 with interest). This appeal followed.
 

 Mitchell testified that upon the dissolution of the partnership he went to plaintiff’s office and informed Walter Kaufhold, secretary and general manager, who
 
 *124
 
 died prior to the trial, that he was turning the business over to Stone and if there were any debts due, Stone would pay them, and that Kaufhold replied, “All right;” that no notice was given of any claim against him until April 5, 1934, when he received a letter from plaintiff stating that it had made repeated demands upon Stone for payment of the partnership account, but had received no satisfaction, and that it would be necessary for him (Mitchell) to make arrangements to pay the amount due. Clifford St. Pierre, plaintiff’s bookkeeper and office manager, testified, however, that he had sent Mitchell a statement a week or two after Stone said he would pay the indebtedness, and later in his testimony he said a year or two had elapsed before he mentioned anything to Mitchell about this claim.
 

 The court instructed the jury respecting the alleged agreement, as follows: “If you find that it was assented to, that arrangement I have already described [the assumption by Stone of this debt], then you should not find against Mr. Stone individually, because he has not been served, and then your only judgment could be against Stone & Mitchell, the partnership, because the partnership has been served with the summons by the service made of the summons on Mr. Mitchell, but that would not be binding, if you find as I have indicated, on Mr. Stone, because he was not served, or binding on Mr. Mitchell if you believe that that arrangement was made and assented to by the plaintiff company; but it does not preclude a verdict against Stone & Mitchell, the partners.......If you do not believe that this conversation took place at all between Mr. Mitchell and Mr. Kaufhold, as to the assumption of the indebtedness, you may still find from the evidence in the case that Mr. Mitchell, having given notice that the partnership had terminated, was then liable only for the sum of $504.10. If the plaintiff corporation had assented to the arrangement that Mr. Stone was to assume the
 
 *125
 
 liability, then he [Mitchell] would be liable for nothing, because the plaintiff had assented to it.”
 

 The jury was told, in short, that if the agreement was entered into, a verdict could not be found against Stone, individually, as he was not served with process, but one could be found against the partnership. While no amount was mentioned at this point in the charge, the reasonable inference from what was said is that the jury could find there was due $1,054.12, the amount of the claim. This the jury did not do. We think that instruction was erroneous, but it did the defendant no harm as the jury evidently concluded that the agreement alleged never existed. We are, therefore, not concerned in the effect it might have had. The jury was instructed further that if it found that notice was given by Mitchell of the dissolved partnership, then a verdict could be found for $504.10, with interest, against the partnership. That is what the jury did.
 

 Those issues of fact were for the jury’s consideration, and its determination thereof is binding on the parties and us.
 

 The appellant argues that no judgment could be had against the partnership as process was not served on a partner. Mitchell was a member of the firm when the debt for which a judgment was obtained was incurred. Dissolution of the partnership did not of itself discharge his liability existing at that time: Uniform Partnership Act of March 26, 1915, P. L. 18, Part VI, §36 (59 PS §98);
 
 Heller’s Est.,
 
 319 Pa. 135, 137, 178 A. 681. Service on Mitchell brought the partnership into court
 
 (Walsh v. Kirby,
 
 228 Pa. 194, 77 A. 452), and, unless the judgment is otherwise defective, which is not apparent, it is valid.
 

 The appellant invoked as a defense the statute of limitations. There was evidence that Stone was the “business” partner. He received the moneys due the partnership and paid the partnership debts. He made
 
 *126
 
 three payments to plaintiff on account of this partnership indebtedness within six years of the date of bringing suit, which was June 8, 1934: on June 25, 1928, $50 was paid, which was followed by payments on July 21st and November 14, 1928. Those payments by Stone tolled the statute of limitations:
 
 White v. Pittsburgh Vein Coal Co.,
 
 266 Pa. 145, 109 A. 873. During the period necessary to wind up the business, Stone had the same authority to bind the partnership as he had prior to dissolution:
 
 Heller’s Est.,
 
 supra. In
 
 Linn’s Est.,
 
 2 Pearson’s Report 487, cited by appellant, the court held that “each item [in an account] is barred as time runs round, except where there are mutual dealings,
 
 or payment on account within six years.”
 
 (Italics ours.) Here, the payments were made within that period.
 

 We are of the opinion that the statute of limitations was not a sufficient defense of itself to prevent a judgment in this case.
 

 Judgment affirmed.