North Star Coal Company *v.* Teodori, Appellant.

Argued March 18, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

584

■■■■■■■

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Ivan E. Birsic,* with him *Cauley, Birsic & Conflenti,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 13, 1971:

This appeal arises out of an action of mortgage foreclosure and presents an issue of first impression in this Court concerning the proper method of serving process upon a dissolved but unterminated partnership. The pertinent facts are as follows:

In the summer of 1961, appellant Carlo Teodori and one Thomas Eddy formed a partnership with an office located at Room 324 of the Porter Building in Pittsburgh, Pennsylvania, and registered the fictitious partnership name, Mac Coal Company, with the Prothonotary of the Court of Common Pleas of Allegheny County.

On February 13, 1964, appellant and Eddy, as partners trading and doing business as the Mac Coal Company, purchased certain unmined coal from appellee North Star Coal Company and executed a purchase money mortgage and bond in appellee's favor to secure payment of an $80,000 purchase price. The terms of the bond provided that quarterly payments be made to the mortgagee, and for some time thereafter the required installments were remitted in timely fashion from the partnership office at Room 324 of the Porter Building.

On April 30, 1965, appellant withdrew from the partnership. He did not at that time inform any of the partnership creditors of his withdrawal but instead assumed that his attorney would perform any necessary notifications. Appellant took no further steps to publicize his withdrawal until July 10, 1969, when notice of the partnership's dissolution was filed with the Allegheny County Prothonotary.

Notwithstanding the partnership's dissolution in 1965 and for several years thereafter, quarterly mortgage payments were made to appellee, at first from the partnership office at Room 324 of the Porter Building and later from Thomas Eddy's private law office in Room 500 of the Porter Building.

The mortgage payment due May 1, 1969 was not made, and appellee instituted an action of mortgage foreclosure in the Court of Common Pleas of Washington County against appellant and Eddy as partners in the Mac Coal Company. Appellee's complaint was filed on July 11, 1969, one day after the filing in Allegheny County of the notice of partnership dissolution. Service was made on Thomas Eddy's private secretary at Eddy's law office at Room 500 of the Porter Building.

When neither appellant nor Eddy answered or appeared within the prescribed time, default judgment in the sum of $70,000 with interest was entered in favor of appellee, and on November 7, 1969, the mortgaged partnership property was sold at a sheriff's sale. On December 26, 1969, appellant petitioned the Court of Common Pleas of Washington County to set aside the sheriff's sale on the ground that he had not been properly served with process in the underlying mortgage foreclosure action. Following a hearing the petition was denied. A short time later appellant petitioned the same court to strike or open the judgment, again on the ground of defective service of process. This peti-

tion was dismissed without a hearing, and the present appeal followed.

The legal norm governing service of process upon a partnership is contained in Rule 2131(a) of the Pennsylvania Rules of Civil Procedure, which provides: "(a) Service of process upon a partner or a registered agent of a partnership, or upon the manager, clerk or other person for the time being in charge of any regular place of business of a partnership shall be deemed service upon the partnership and upon each partner individually named in the action, provided the person served is not a plaintiff in the action." Appellant contends that Rule 2131(a) does not apply in the case of a dissolved partnership where the serving party has at least constructive notice of the dissolution and that Thomas Eddy's private secretary was not a "person for the time being in charge of any regular place of business of . . . [the] partnership."

In so arguing appellant overlooks the fundamental distinction between the dissolution of a partnership and its termination. "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business." Uniform Partnership Act, Act of March 26, 1915, P.L. 18, part VI, §29, 59 P.S. §91. Even after dissolution, a partnership is not terminated but continues to exist until the winding up of partnership affairs is completed, and the authority remains to act for the partnership in winding up partnership affairs and completing transactions begun but not yet finished at the time of dissolution. Uniform Partnership Act, Act of March 26, 1915, P. L. 18, part VI, §§30, 33, 59 P.S. §§92, 95.

In light of a partnership's continuing and substantial post-dissolution existence, there is no reason to conclude that the mere act of dissolution in and of itself

renders inoperative the service of process provisions of Rule 2131 (a). To the contrary, we are persuaded by the view adopted by the California Supreme Court in the similar case of *Cotten v. Perishable Air Conditioners*, 18 Cal. 2d 575, 116 P. 2d 603 (1941). "In general a dissolution operates only with respect to future transactions; as to everything past the partnership continues until all pre-existing matters are terminated. . . . The dissolution does not destroy the authority of a partner to act for his former associates in matters in which they still have a common interest and are under a common liability. . . . There is no reason, therefore, why the statute authorizing a judgment against a partnership by service upon one partner . . . should not be just as effective and applicable during the period subsequent to dissolution but prior to termination of the partnership as it is during the period (citations omitted). See also *Scaglione v. St. Paul* before dissolution. . . ." Id. at 577, 116 P. 2d at 604 *Mercury Idemn. Co.,* 28 N.J. 88, 145 A. 2d 297 (1958); cf. *Nay Aug Lumber Co. v. Stone,* 131 Pa. Superior Ct. 122, 198 Atl. 918 (1938) (decided prior to enactment of Rule 2131).

The partnership in the instant case continued to exist after its dissolution for purposes of satisfying its obligation to appellee, and for several years subsequent to its dissolution that obligation was in fact satisfied by the remitting of quarterly mortgage payments from Eddy's private law office in Room 500 of the Porter Building. That being so, Eddy's private office was unquestionably a "regular place of business of . . . [the] partnership" within the meaning of Rule 2131, and Eddy's private secretary was a "person for the time being in charge of" that office. We therefore hold that appellee's service of process upon Eddy's secretary fully complied with Rule 2131.

Appellant additionally argues that the court erred in dismissing his petition to strike or open judgment without issuing a rule or holding a hearing. As the issues raised in the petition to strike or open judgment had been raised and litigated in appellant's prior petition to set aside the sheriff's sale, we perceive no error in this procedure. Furthermore, appellant would not in any event be entitled to *open* the judgment because his petition does not allege any defense on the merits. See, e.g., *Atlas Aluminum Corp. v. Methods Research Products Co.*, 420 Pa. 407, 218 A. 2d 244 (1966); *Walters v. Harleysville Mut. Cas. Co.*, 417 Pa. 438, 207 A. 2d 852 (1965).

The orders of the Court of Common Pleas of Washington County dismissing appellant's petitions to set aside the sheriff's sale and to strike or open judgment are affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.