## McElrath v. Wiley

*Shoemaker, Williams & Clark*, for plaintiff.
*Nauman, Smith, Shissler & Hall*, for defendant.

WEIDNER, *J.*, July 23, 1975—Pursuant to an agreement executed October 27, 1969, plaintiff and defendant formed a partnership trading and doing business as W. & M. Printing Company. By deed dated October 31, 1969, a tract of real property situated at 1017 South York Street, Mechanicsburg, Upper Allen Township, Cumberland County, Pa., was conveyed to the parties in their relationship as co-partners. As such, the parties owned this property in fee simple absolute as tenants in partnership.

The partnership engaged in the business of printing until on or about April 1, 1971, at which time all

partnership personal property and business, including good will and rights to the name "W. & M. Printing," were sold to W. & M. Printing, Inc., a Pennsylvania corporation, wherein both parties held substantial interests. The partnership real property, however, was not part of this sale. On September 1, 1972, the parties, along with their spouses, leased the first floor of this property to W. & M. Printing, Inc., for a term of one year. This lease was subsequently renewed by defendant, allegedly acting on behalf of the partnership, for an additional one year, commencing September 1, 1973.

Plaintiff, on or about July 1, 1973, offered to sell to defendant and/or one Mark F. Passaro, a director of W. & M. Printing, Inc., (a) his 333⅓ shares of common stock in W. & M. Printing, Inc.; (b) a corporate note upon which W. & M. Printing, Inc., was obligated to the partners; and (c) his interest in the real property described above. The parties were unable to agree upon an acceptable purchase price. Thereafter, a dispute arose between the parties over the continued use and possession of the building in question by W. & M. Printing, Inc.

On September 10, 1973, plaintiff filed a complaint in an action in partition of this real property. The case is now before the court on a motion by defendant, filed April 30, 1975, and subsequently amended June 3, 1975, for judgment on the pleadings. Argument on this motion was held on June 11, 1975.

Plaintiff argues that the sale of partnership personal property and business to W. & M. Printing, Inc., effectively "terminated" his partnership with defendant and that the parties thereafter became tenants in common of the real property in con-

troversy, and thus each now has an equal right to the use and possession thereof. Accordingly, plaintiff contends he may maintain an action in partition. Defendant argues that the partnership was not terminated by the aforementioned sale and continues to exist. Defendant further contends that plaintiff's subsequent withdrawal from partnership affairs, at best, effected a dissolution, not a formal termination, of the partnership. Also, that dissolution, in turn, activated paragraph 8 of the original partnership argreement between the parties, whereby the defendant is given the privilege of buying out the plaintiff's remaining interest in partnership property, at a mutually agreeable price. The defendant indicates he stands ready to abide by the terms of this agreement, suggesting that the present controversy stems from the parties' failure to agree upon a sale price.

In considering a motion for judgment on the pleadings, the Court must accept as true, even though denied, averments of fact by the opposing party which are material and relevant: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870 (1951). If a substantive issue of fact remains unresolved, a motion for judgment on the pleadings should not be granted: Coal Operators Casualty Co. v. Charles T. Easterby & Co., Inc., 440 Pa. 218, 269 A. 2d 671 (1970). The plaintiff contends that whether the original partnership was terminated or continues to exist constitutes such an unresolved issue of fact, and thus the defendant's motion should be dismissed. We do not agree.

Assuming that the April 1, 1971 sale to W. & M. Printing, Inc. effected a dissolution of the partnership, as a matter of law, a formal termination of the partnership *did not* concurrently take place. Sec-

tion 30 of the Uniform Partnership Act of March 26, 1915, P.L. 18, art VI, 59 P.S. §92, states as follows:

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

See also, North Star Coal Co. v. Teodori, 442 Pa. 583, 277 A. 2d 154 (1971); Elliott-Lewis Elec. Co. v. Hausman, 104 Pa. Superior Ct. 322, 115 Atl. 625 (1932). There is no specific averment by the plaintiff that any such formal wind-up of partnership affairs took place in the present case. Consequently, the interests of the parties, vis-a-vis the real property in question, remain those of tenants in partnership, not tenants in common. And relevant case law indicates that during the continued existence of a partnership there can be no partition of partnership real property: Baldes v. Henniges, 7 Luz. 143 (1888); Rogers v. Tillett, 30 Northumb. L.J. 125 (1958). This principle is particularly underscored when outstanding liabilities of the partnership continue to exist. See, Annot., Partition of Partnership Real Property, 77 A.L.R. 300 (1932). In the instant case, both parties detail the following encumbrances on the property in dispute: (1) a first mortgage given to Commonwealth National Bank in the initial principal balance of $42,000; (2) a second mortgage given to Capital Equipment Leasing Corporation in the initial principal balance of $38,348.40; and (3) a lien in favor of M.G.D. Graphic Systems, Inc. in the initial principal balance of $20,300. Given these particular facts as well as the general principles of partnership law cited above, a formal settlement and wind-up of partnership affairs must take place prior to a consideration of the plaintiff's requested relief. Most appropriately, the parties should actively pur-

sue a final partnership wind-up in a manner consistent with provisions of their original partnership agreement.

This court, therefore, concludes that (1) as a matter of law, the partnership, though dissolved, continues to exist; (2) accordingly, there is no unresolved issue of fact which would bar the defendant's motion for judgment on the pleadings; and (3) such motion is timely, proper and, given the facts presented, hereby granted.

## ORDER OF COURT

And now, July 23, 1975, based upon the above discussion, the defendant's amended motion for judgment on the pleadings is granted and the plaintiff's action in partition is hereby dismissed without prejudice.