Antonio PALOMBA, et al.

v.

Marvin I. BARISH, et al.

Civ. A. No. 85–1278.

United States District Court,
E.D. Pennsylvania.

Dec. 13, 1985.

Sidney J. Smolinsky, Philadelphia, Pa., for plaintiffs.

Elizabeth McKenna, Philadelphia, Pa., for defendant, Marvin I. Barish.

H. Robert Fiebach, Philadelphia, Pa., for defendant, Robert C. Daniels.

Joseph Frontino, Philadelphia, Pa., for defendants, Avram G. Adler, Arnold Levin, Howard J. Creskoff and Marvin J. Levin, Ind. & t/a Adler, Barish, Daniels, Levin, Creskoff.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendant, Robert C. Daniels' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Daniels has submitted for my consideration of the motion to dismiss, affidavits of his counsel, Neil Witkes and his own affidavit. Daniels seeks to invoke that portion of Rule 12(b)(6)[1] which mandates conversion of a motion to dismiss to a summary judgment where (1) a party submits material outside the pleading for the court's consideration, and (2) the court considers such material in making its decision.

Plaintiffs, a group of seamen, were allegedly injured while the vessel they were on was in navigable waters of the Atlantic Ocean. Plaintiffs engaged the defendant law firm of Adler, Barish, Daniels, Levin & Creskoff (Adler-Barish) to represent them in their action against the ship for damages. Defendant, Marvin Barish, a partner of Adler-Barish was the attorney who handled plaintiffs' claims.

The court which was presiding over the plaintiffs' action against the ship dismissed certain of the plaintiffs'[2] claims (hereinafter "dismissed plaintiffs") because dismissed plaintiffs were not produced for deposition and medical examination and plaintiffs' expert witness medical reports were not furnished for the steamship company as required by an order entered and agreed to by counsel. The remaining plaintiffs'[3] claims (hereinafter "limited plaintiffs") were allowed to proceed to trial as

1. Rule 12(b)(6) of the Federal Rules of Civil Procedure states in pertinent part:

   If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

2. Plaintiffs, Antonio Palomba, Giuseppi Santangelo, Giuseppi Alotta, Ramon Martinez, Heber Cabrera Sosa, Hugo Arzuga, Raul G. LaTorre, Daniel O. Barboza, Carlos Alberto Giacomino, Rodolfo C. Aquirre, Heber Wilson Cabrera, Almaro Carratu, Leonico Carrasco.

3. Plaintiffs, Vincenzo Abate, Moises Walter Carrasco, Mario Aresmondi and Omar Lemes.

to damages,[4] but a key expert witness was prohibited from testifying on behalf of the limited plaintiffs due to the alleged failure of defendant, Marvin Barish to make the expert witnesses reports available to the steamship company's counsel.

Plaintiffs here allege they suffered injury due to the alleged malpractice of defendant attorneys who had represented them in their claim against the steamship company.

In Count I of the complaint the dismissed plaintiffs assert that because of the negligence of the defendants in the preparation and handling of their claims, they were prejudiced and lost the right to recover damages against the steamship company.

In Count II of the complaint the limited plaintiffs assert that because of the negligence of the defendants they were injured because they were deprived of putting into evidence material and testimony which would have benefited them in their attempt to establish damages.

Count III of the complaint asserts a claim on behalf of all plaintiffs for punitive damages against the defendants for "continual and flagrant disregard of agreed upon scheduling orders". Complaint ¶ 41.

I have jurisdiction over plaintiffs' action because of diversity of the parties. Accordingly, I must apply Pennsylvania state law. Pennsylvania law is clear that the negligence of one partner acting in the ordinary course of the business of the partnership will be imputed upon the non-acting partners, making the non-acting partners jointly and severally liable for the negligence. Pa.C.Stat.Ann. Title 59 § 325 & § 327 (Purdon Supp.1985).[5]

Defendant Daniels has contended that he was forced out of Adler-Barish, thus dissolving the partnership two years prior to the time of the purported negligence which give rise to plaintiffs' claims. While plaintiffs have alleged negligence on behalf of all defendant attorneys, they assert that defendant Marvin Barish was the firm's representative which they dealt with.

A party who has prior dealings with a partnership and without knowledge[6] of a subsequent dissolution of the partnership, and continues to deal with a partner can hold liable the former partners of the dissolved partnerhip. Pa.Stat.Ann. Title 59 § 357.[7]

---

4. It is alleged that the shipping company had acknowledged liability giving rise to the alleged injuries.

5. Section 325 states in pertinent part:
   Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, ... loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.
   Section 327 states in pertinent part:
   All partners are liable:
   (1) Jointly and severally, for everything chargeable to the partnership under section 325 (relating to wrongful act of partner)....

6. Without actual or constructive knowledge.

7. Section 357 states specifically in part:
   Power of partner to bind partnership to third persons
   (a) General rule.—After dissolution a partner can bind the partnership, except as provided in subsection (c):
   (1) By any act appropriate for winding up partnership affairs, or completing transactions unfinished at dissolution.

(2) By any transaction which would bind the partnership if dissolution had not taken place, if the other party to the transaction:
   *   *   *   *   *   *
   (ii) though he had not so extended credit, had nevertheless known of the partnership prior to the dissolution, had having no knowledge or notice of dissolution, and the fact of dissolution had not been advertised in a newspaper of general circulation in the place (or in each place, if more than one,) at which the partnership business was regularly carried on, and in the legal periodical, if any, designated by rule of court in such place or places for the publication of legal notices.
   *   *   *   *   *   *
   (c) Restrictions on post dissolution authority of partner.—The partnership is in no case bound by any act of a partner after dissolution:
   *   *   *   *   *   *
   (3) where the partner has no authority to wind up partnership affairs, except by a transaction with one who:
   *   *   *   *   *   *
   (ii) had not extended credit to the partnership prior to dissolution, and, having no knowledge or notice of his want of authority,

■ Thus, a party who is not given notice of dissolution, but continues to transact business with a "partner" can hold liable the former partnership. It should be noted at this juncture that "even after dissolution, a partnership is not terminated but continues to exist until the winding up of partnership affairs is completed and the authority remains to act for the partnership in winding up partnership affairs and complete transactions begun but not yet finished at the time of dissolution." *North Star Coal v. Eddy*, 442 Pa. 583, 586, 277 A.2d 154, 156, (1971). The dissolution of a partnership will not relieve an individual partner of a duty under a contract entered into before the partnership was dissolved. *Stewart v. Angle*, 315 Pa. 135, 139, 172 A. 898, 899, (1934); *Cope v. Warner*, 13 Serg. & Rawle, 411, 415 (1825). Thus, I find the fact that Daniels' withdrawal from Adler-Barish two years prior to the purported negligent act is of little moment to whether or not Daniels can be held liable for the malpractice of his former partners.

An action of malpractice by an attorney can generally be based upon either tort or contract theory. Goggin, *Attorney Negligence ... A Suit Within a Suit*, 60 W.Va. L.Rev. 225 (1958). The action brought by plaintiffs here appears to rest upon tort theory for recovery. Generally a tort by one partner occurring subsequent to dissolution of a partnership cannot be imputed upon the former partners, unless the party who committed the tort was winding up the partnership affairs or completing partnership business. A partner who has not, *inter alia*, wrongfully dissolved the partnership has the right to wind up the partnership affairs. Pa.Stat.Ann. Title 59 § 359.[8] Because no pleadings or material submitted to the court have expressed that defendant Barish wrongfully dissolved the partnership, I must assume that Barish had a right to wind up certain former Adler-Barish commitments.[9]

■ Defendant Daniels has submitted an affidavit of his counsel, Neil Witkes, to support his position that plaintiffs had actual knowledge of the Adler-Barish firm being dissolved, since Daniels' withdrawal from Adler-Barish. Witkes avers that certain correspondence[10] of various plaintiffs which were addressed to the successor firm of Adler-Barish establishes that these plaintiffs had knowledge of the expulsion or absence of defendant Daniels from the firm. It may be permissible, but not advisable, for an attorney to present his own affidavit for a motion for a summary judgment. *Crockett v. Johns-Manville Corp.*, No. 81–1268 (E.D.Pa., October 11, 1984). However, here the more serious problems arise because of possible hearsay and authentication[11] questions of the documents Witkes has submitted as well as inferences such writings convey. Indeed, the fact that plaintiffs addressed letters to a succeeding firm of Adler-Barish does not dispose of all questions of fact as to whether or not the plaintiffs had knowledge that Daniels was no longer with the law firm

and the fact of his want of authority has not been advertised in the manner provided for advertising the fact of dissolution in subsection (a)(2)(ii).

8. Section 359 states:

Unless otherwise agreed the partners who have not wrongfully dissolved the partnership, or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; except that any partner, his legal representative, or his assignee, upon cause shown, may obtain winding up by the court.

9. It appears from the complaint that Barish continued to be the attorney who represented plaintiffs as against the steamship company.

10. Including power of attorney forms signed by the various plaintiffs.

11. In Exhibit "A" of Witkes' affidavit he has submitted a letter which appears to be a discharge of counsel from Carlos Giacomino. If this letter was to be established as authentic, it may release Daniels from any liability to Giacomino; however, Witkes merely avers that he received it from defendant Barish's file. This alone does not authenticate this writing. Because the letter has not been shown to be authentic, I cannot consider it on a summary judgment motion. Fed.R.Civ.P. 56(e).

which represented them.[12] The letters do not preclude an issue of fact in .dispute. Because I find in consideration of the letters, an issue of fact still present, I need not rule (except for Carlos Giacomino's discharge of counsel letter—see Footnote 11) as to whether the letters should be excluded because they were not properly authenticated or may contain hearsay. Daniels has submitted an affidavit averring that he was expelled from the partnership and was denied access to the client files to which he could have obtained address information of clients so that notice of his leaving Adler-Barish could be made. Conversely, other partners of the former Adler-Barish firm who are defendants in this action have submitted affidavits averring that Daniels withdrew on his own accord and was not forced out of Adler-Barish; additionally, other defendants aver that Daniels was not prohibited from accessing client files. Thus, I cannot rule as to the absence of a factual dispute concerning Daniels leaving the Adler-Barish firm. Moreover, the fact that Daniels' former partners allegedly wrongfully denied him access to the client files does not release Daniels from his duties to plaintiffs.

Additionally, Daniels argues that to require him to personally contact his former law firm's clients and inform the clients of his resignation or expulsion from the firm would transverse the holding of the Pennsylvania Supreme Court in *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 482 Pa. 416, 393 A.2d 1175 (1978). I find that the matter before the Pennsylvania Supreme Court in *Epstein* is sufficiently distinguishable from the dilemna facing defendant Daniels; thus the holding's prohibition would not affect Daniels' duties to notify clients of his former firm.

Daniels submission of affidavits has not precluded a genuine issue of fact concerning, *inter alia*, whether or not plaintiffs had knowledge of the dissolution of Adler-Barish or that Barish was not charged with winding up Adler-Barish's affairs. Accordingly, I must deny defendant Daniels' motion for summary judgment as to Counts I and II of plaintiffs' complaint.

■ Last, I turn to defendant Daniels' assertion that the punitive damages claim, Count III of plaintiffs' complaint is improper because defendant Daniels avers in his affidavit that he was not a partner of Barish when the purported negligence occurred. However, as stated earlier the fact that a partnership dissolves does not terminate affairs that were current at the time of dissolution; termination of liability occurs once the current matters (at time of dissolution) are resolved or wound up. *See also Dean Witter Reynolds, Inc. v. Genteel*, 346 Pa.Super. 336, 499 A.2d 637 (1985) (Pennsylvania permits vicarious application of punitive damages). Moreover, the very fact that Barish was permitted to wind up affairs for the former partnership may in itself be a reckless act. Accordingly, defendant Daniels' motion for summary judgment as to Count III must be denied.

In conclusion, since defendant Daniels as well as other defendants in this action have submitted various affidavits and exhibits for my consideration, I will convert the instant motion to dismiss to one for summary judgment. Because the affidavits have not narrowed any genuine issue of fact, the summary judgment motion must be denied.

---

12. The law firm originally engaged was Adler, Barish, Daniels, Levin & Creskoff, the succeeding law firm was Adler, Barish, Levin & Creskoff. The fact that a person's name does not appear in the firm's name does not necessarily mean that the person is not a partner with the firm. Additionally, I note that the new firm's name may be confusingly similar to the first firm's name so that the plaintiffs were not aware of Daniels' absence.